CYRUS FOOTE & another *vs.* LEVI GIBBS & others.

A decree, dismissing a bill in equity, after a hearing, is a bar to a subsequent bill between the same parties, for the same subject matter, unless it appears by the record that the dismissal was " without prejudice," or otherwise not upon the merits.

BILL IN EQUITY. Plea, that the plaintiffs, at a former term, exhibited a bill against the defendants for the same matter and to the same effect, and for the like relief and purpose, as set forth and demanded in the present bill; to which first bill the defendants answered, and the plaintiffs replied; and that bill was by a decree of this court dismissed with costs; all which proceedings took place before the filing of this bill. The plaintiffs admitted the truth of the facts stated in the plea. The record of the proceedings in the former suit, after stating the filing of the bill, the issuing of a subpœna, the appearance of the parties by their respective attorneys, and the continuances of the suit from term to term, concludes as follows: "And now in this term, before the court, have come the parties by their said attorneys, and this action is dismissed on motion of defendants. Defendants ask costs, which are granted."

*F. Chamberlin,* for the defendants. The dismissal of the former bill, not being in express terms " without prejudice," is a

bar to this bill.   2 Dan. Ch. Pract. 753, 754.   Story Eq. Pl. § 793.
*Perine* v. *Dunn*, 4 Johns. Ch. 142.   *Neafie* v. *Neafie*, 7 Johns. Ch. 1.
*Saunders* v. *Frost*, 5 Pick. 275.   *Bigelow* v. *Winsor*, *ante*, 301.

*I. Sumner*, for the plaintiffs, contended that as it did not
appear by the plea, nor by the record, that the former suit was
dismissed upon the merits, the decree of dismissal was no bar
to this bill.

Shaw, C. J.   The only question in this case is upon the effect
of the former decree.   It is a fundamental rule in the adminis-
tration of justice, that a question once litigated and determined
between the parties, in a court of competent jurisdiction, is to be
considered as at rest.   But if a court does not take jurisdiction
of a suit in equity, but dismisses the bill, because the plaintiff
has an adequate remedy at law, or for want of prosecution, or
otherwise, for some cause not embracing an adjudication on the
merits, such dismissal is not a bar.   There is nothing to indicate
the grounds of dismissal in this case, except the fact of dismissal,
after an appearance for the defendants.   But the authorities,
both in England and in this country, are decisive, that a general
entry of " bill dismissed," with no words of qualification, such
as " dismissed without prejudice," or " without prejudice to an
action at law," or the like, is conclusively presumed to be upon
the merits, and is a final determination of the controversy.
*Bigelow* v. *Winsor*, *ante*, 301.

*Judgment for the defendants.*